UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE & RENEE WILSON, h/w | Case Number |
| Plaintiff | |
| | CIVIL COMPLAINT |
| vs. | |
| OXFORD MANAGEMENT SERVICES | JURY TRIAL DEMANDED |
| Defendant | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Dale & Renee Wilson, h/w, by and through their undersigned counsel, Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiffs, Dale & Renee Wilson, h/w (hereinafter "Plaintiffs"), are adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2.  Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.  Venue in this District is proper in that the Defendant transacts business here and maintains a primary office in this district.

## III.  PARTIES

4.  Plaintiffs, Dale & Renee Wilson, h/w, are adult natural persons residing at 1971 Healey Road, Franklinville, NY 14737. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.  Defendant, Oxford Management Services at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of New York and the Commonwealth of Pennsylvania with a registered office located 409 Lackawana Avenue, Suite 800, Scranton, PA 18503-2059.

6.  Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7.   Starting in or around September 2010, Plaintiffs have experienced a series of harassing phone calls from the Defendant regarding an apparent outstanding debt.

8.   Defendant, by and through its agents, routinely place phone calls to Plaintiffs home and ask for "Danielle Wilson".

9.   "Danielle Wilson" is of no relation to Plaintiffs.

10.   On over a dozen occasions, Plaintiffs have asked Defendant to cease calling their home because "Danielle Wilson" cannot, nor could she ever, be reached at their residence.

11.   Plaintiffs have been told by numerous agents of Defendant on a multitude of occasions that their number would be removed from the calling list, but the calls have not ceased.

12.   The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing the Plaintiffs to pay the debt.

13.   The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

14.   At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

15. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

### COUNT I – FDCPA

16. The above paragraphs are hereby incorporated herein by reference.

17. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person
>
> § 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection
>
> § 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer
>
> § 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against Oxford Management Services for the following:

a. Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. §1692k;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: August 16, 2010

BY: */s/ Brent F. Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff